# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                  :        Case No. 3:05-cr-075

                                          District Judge Walter Herbert Rice
   -vs-                                  Chief Magistrate Judge Michael R. Merz

                                    :

CHUCKIE LEE,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court upon Defendant's filing a document entitled "Appeal pursuant to Rule 60-B(4)"(Doc. No. 46).

Because the text of the document requests relief in the nature of habeas corpus from the District Court, it was filed and referred to the undersigned United States Magistrate Judge under the Dayton General Order of Reference.

It appears that Defendant handwrote his name and the case identifying information into a form prepared by someone else for general use by federal prisoners; the form is not one of those provided by the Judicial Conference for use in cases in District Courts.

The docket reveals that Defendant was indicted by the grand jury on May 19, 2005, charged with being a felon in possession of a firearm and a bullet proof vest in violation of 18 U.S.C. §§ 922(g)(1) and 931(a) respectively (Doc. No. 14). On October 12, 2005, pursuant to a Plea Agreement (Doc. No. 29), he pled guilty (Minutes, Doc. No. 31). On January 30, 2006, he was sentenced to sixty months confinement on Count 1 and thirty-six months confinement on Count 2 with the time to be served concurrently. He took no appeal and has not filed a motion to vacate

under 28 U.S.C. § 2255.

The gravamen of the instant Motion is that this Court's judgment is void "based on the violation of Title 18, 7 relating to the jurisdiction of the United States versus the jurisdiction of the State courts." He states further "Since judicially noticed facts and law also establish that Public Law 80-772 and 18 U.S.C. § 3231 are nullities, were never enacted into positive law, and are unconstitutional on their face, then the District Court never had jurisdiction over Petitioner and his Indictment and conviction are nullities."

Defendant's argument is difficult to understand. 18 U.S.C. § 7 defines the special maritime and territorial jurisdiction of the United States, but that section has never been interpreted to deprive the District Courts of jurisdiction over offenses committed within the territorial United States. The Statement of Facts attached to the Plea Agreement, the truth of which Defendant admitted, states that the offenses charged occurred "[o]n or about April 18, 2005, in Dayton, Ohio." Dayton, Ohio, has been within the Southern District of Ohio since the Southern District was created. See 28 U.S.C. § 115(b).

18 U.S.C. § 3231 provides "the district courts of the United States shall have original jurisdiction, regardless of the courts of the States, of all offenses against the laws of the United States." Since the Indictment charges offenses against the laws of the United States, § 3231 gives this Court subject matter jurisdiction of the charges; since they happened in Dayton, Ohio, this Court also has territorial jurisdiction.

Defendant gives no reasons for his belief that Public Law 80-772, which enacted § 3231, was not validly enacted. The Court is aware, however, of the following cases which have rejected that claim: *United States v. Schultz*, 2007 WL 2872387 (D. Minn. Sept. 26, 2007); *United States v. Charles*, 2002 WL 310556548 (D. Kan. Sept. 9, 2002); *United States v. Risquet*, 426 F.Supp.2d 310, 311-12 (E.D. Pa. 2006); *United States v. Lawrence*, 2006 WL 250702 (N.D. Ill. Jan. 27, 2006);

*Lister v. United States,* 2006 WL 3751324, *1, *1-2 (N.D. Tex. Dec. 20, 2006); and *United States v. Casey*, 2005 WL 2114059, *1, *4 (W.D. Tenn. Aug. 30, 2005).  Virtually all of these cases find as a matter of fact that Public Law 80-772 did indeed pass both houses of Congress and was signed into law by President Truman on June 25, 1948.

"From the First Judiciary Act to the present, Congress has provided in the Judicial Code that in certain instances the jurisdiction of the federal courts shall be exclusive of the courts of the several states."  Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3527. It is beyond historical dispute that the exclusive jurisdiction of the federal courts over federal offenses goes back to the First Judiciary Act. to wit, the Act of Sept. 24, 1789.  See Hart & Wechsler's The Federal Courts and the Federal System at 424 (5th ed. 2003).  If the Court then assumed that Defendant was correct and the 1948 codification of federal criminal law was not validly enacted, the prior provision stemming from the First Judiciary Act would still be effective. Simply put, if the replacement was not validly enacted, the original would still be in place.

Thus Defendant's Motion is without merit.  The Court should also concluded it is procedurally barred in that Fed. R. Civ. P. 60(b)(4) motions are required to be filed within a reasonable time after judgment and Defendant has offered no excuse for delaying nearly two and one-half years before filing.

The Motion should be denied.  Because it is in the nature of a request for habeas corpus relief, Defendant cannot appeal without a certificate of appealability.  However, reasonable jurists would not disagree that the Motion is without merit and Defendant should therefore be denied a certificate of appealability as well as any request to appeal *in forma pauperis*.

June 5, 2008.

                  s/ **Michael R. Merz**
                  Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).